# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: September 14, 2020

\* \* \* \* \* \* \* \* \* \* \* \* \*
MORGAN ADELE GARRISON,       \*        UNPUBLISHED
                                  \*
         Petitioner,             \*        No. 19-1161V
                                    \*        Special Master Gowen
v.                                 \*
                                    \*        Attorneys' Fees and Costs
SECRETARY OF HEALTH        \*
AND HUMAN SERVICES,        \*
                                    \*
         Respondent.          \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \*

Russell W. Lewis, IV, Nashville, TN, for Petitioner.
Colleen C. Hartley, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On May 2, 2020, Morgan Adele Garrison ("Petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 17). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and awards a total of **$14,457.86**.

### I.       Procedural History

On August 9, 2019, Petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of a meningococcal B vaccine administered on August 9, 2016, she suffered injuries including vision change, nausea, numbness in her legs and feet, cognitive changes, allergies, headaches, and a weakened immune system. *See generally* Petition

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

(ECF No. 1). On November 5, 2019, Petitioner filed an unopposed motion to dismiss her petition, and on November 6, 2019, I issued my decision dismissing the petition for insufficient proof. (ECF No. 13).

On May 2, 2020, Petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation for her attorney, Mr. Russell W. Lewis, IV, in the total amount of $16,357.36, representing $15,825.00 in attorneys' fees and $532.36 in costs. Fees App. at 2. Pursuant to General Order No. 9, Petitioner warrants she has not personally incurred any costs in pursuit of his claim. Fees App. Ex. 5. Respondent reacted to the fees motion on May 4, 2020, stating that "Respondent defers to the Special Master to determine whether the statutory requirements for an award of attorneys' fees and costs (including the reasonable basis requirement) are met in this case." Response at 2 (ECF No. 18). Petitioner did not file a reply thereafter.

The matter is now ripe for adjudication.

II.     **Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, I do not doubt that the Petitioner brought her case in a good faith belief that her injuries were related to her vaccination. Concerning reasonable basis, Petitioner ultimately presented a very complex medical picture which was difficult to diagnose and even more difficult to relate to the vaccine in question, but which at least initially appeared to have some support from one of Petitioner's treating physicians. Additionally, after it became apparent that it would be difficult for Petitioner to prevail, she quickly moved to dismiss her claim, when prolonging the matter any further may have resulted in reasonable basis being lost. Accordingly, I find that there was a reasonable basis to bring the claim and thus a final award of reasonable attorneys' fees and costs is proper in this case.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a.  **Attorneys' Fees**

Petitioner requests that her attorney be compensated for his work in this case at $375.00 per hour, covering work from 2017 to 2020. These hourly rates require further discussion. Previously, Mr. Lewis has been awarded $260.00 per hour for work performed in 2017. *See Gray v. Sec'y of Health & Human Servs.*, No. 15-1542V, 2017 WL 2926615, at *2 (Fed. Cl. Spec. Mstr. Jun. 12, 2017). This rate was awarded based on the premise that two attorneys in Memphis had recently been awarded local, rather than forum, hourly rates, and that because Memphis and

Nashville have a similar cost of living, an attorney in Nashville should receive similar rates to one in Memphis. *Id.*

Since that time, several other special masters, including myself, have found that these same attorneys in Memphis were entitled to receive forum rates for their Vaccine Program work. *See, e.g., Lampman v. Sec'y of Health & Human Servs.*, No. 18-1759V, 2020 WL 4578600 (Fed. Cl. Spec. Mstr. Jul. 16, 2020). Given that Memphis and Nashville are of comparable size and have a comparable cost of living, I find it reasonable to award forum rates in this case.

The remaining question is what a reasonable hourly rate for Mr. Lewis' work is. Mr. Lewis has been licensed to practice law since 2005, giving him approximately 12 years of experience when he commenced work on this case in 2017 and approximately 15 years of experience presently, placing him in the 11-19 year range on the Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedules.[3] However, Mr. Lewis only has limited Vaccine Program experience with four total cases filed. Thus, a rate in the lower range of the 11-19 year range would be expected. Upon review, based upon my experience and the factors set forth in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), I find the following hourly rates to be reasonable for Mr. Lewis' work: $315.00 per hour for 2017, $325.00 per hour for 2018, $335.00 per hour for 2019, and $350.00 per hour for 2020. Application of these rates results in a reduction of $1,899.50.[4]

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent also has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees of **$13,925.50**.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $532.36. This amount is comprised of acquiring medical records, postage, and the Court's filing fee. Petitioner has provided adequate supporting documentation for all the costs, and they appear to be reasonable upon review. Accordingly, Petitioner is awarded the full amount of attorneys' costs sought.

### III. **Conclusion**

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

---

[3] The Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914.

[4] 2017: ($375 per hour requested - $315 awarded) * 10.2 hours = $612.00
2018: ($375 per hour requested - $325 awarded) * 3.6 hours = $180.00
2019: ($375 per hour requested - $335 awarded) * 26.5 hours = $1,060.00
2020: ($375 per hour requested - $350 awarded) * 1.9 hours = $47.50

| | |
|---|---|
| Attorneys' Fees Requested | $15,825.00 |
| (Reduction of Fees) | - ($1,899.50) |
| **Total Attorneys' Fees Awarded** | **$13,925.50** |
| | |
| Attorneys' Costs Requested | $532.36 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$532.36** |
| | |
| **Total Attorneys' Fees and Costs** | **$14,457.86** |

**Accordingly, I award a lump sum in the amount of $14,457.86, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her attorney, Mr. Russell W. Lewis, IV.[5]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[6] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).